UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
                                    :
MICHEL TOLIVER,                     :    10 Civ. 6666 (RJS) (JCF)
                                    :
             Plaintiff,             :         REPORT AND
                                    :         RECOMMENDATION
       - against -                  :
                                    :
DEPARTMENT OF CORRECTION – N.Y.C.;  :
WARDEN OF G.R.V.C.; DEPUTY WARDEN   :
PEREZ(GRVC); DEPT. OF CORRECTIONS/  :
LEGAL DIVISION; CORRECTIONS CAPT.   :
CAPTUTO #481; COMMISSIONER OF THE   :
DEPT.; CHIEF OF THE DEPARTMENT,     :
                                    :
             Defendants.            :
- - - - - - - - - - - - - - - - - -:
TO THE HONORABLE RICHARD J. SULLIVAN, U.S.D.J.:

      Michel Toliver brings this action pro se pursuant to 42 U.S.C.

§ 1983 against the New York City Department of Correction ("DOC"),

the Warden of the George R. Vierno Center ("GRVC"), Deputy Warden

Perez of GRVC, the DOC Legal Division, Captain Caputo,[1] the

Commissioner of DOC and the Chief of the Department.  Mr. Toliver

alleges that after he filed a lawsuit against a DOC correction

officer, the defendants retaliated by filing false misbehavior

reports against him and placing him in restricted status and

punitive segregation.  The defendants have moved, pursuant to Rule

_____

      [1] The caption of the Complaint spells this defendant's name as
Capt. Captuto, but in the Defendants' answer as well as in other
parts of Mr. Toliver's Complaint and exhibits, the defendant is
referred to as Capt. Caputo.  Mr. Toliver has also not provided the
full names for any of the individual defendants.

1

12(c) of the Federal Rules of Civil Procedure, to dismiss Mr. Toliver's claims.  For the reasons that follow, I recommend that the motion be granted.

Background

    A. Facts

    Mr. Toliver has filed several complaints in this court involving his alleged mistreatment at jails on Rikers Island as well as the alleged false arrest and malicious prosecution that preceded his detention.[2]  Mr. Toliver filed a complaint on February 3, 2010 in Toliver v. New York City Department of Corrections, No. 10 Civ. 822 ("Case No. 10 Civ. 822"), alleging that he was assaulted by Captain Cavelli at the Robert N. Davoren Complex ("RNDC") on December 15, 2009.  He filed an amended complaint on July 13, 2010 to add claims that he was assaulted by corrections officers at GRVC on May 20, 2010 and was further retaliated against because he filed the original complaint.

    Mr. Toliver filed the complaint in this action on November 15, 2011, alleging that the defendants retaliated against him for filing Case No. 10 Civ. 822 by charging him with infractions;

_____

    [2] Including the current case, Toliver has filed at least 17 actions in this court since 2010.  The actions are assigned the following docket numbers: 10 Civ. 822; 10 Civ. 3165; 10 Civ. 5354; 10 Civ. 5355; 10 Civ. 5803; 10 Civ. 5804; 10 Civ. 5805; 10 Civ. 5806; 10 Civ. 5807; 10 Civ. 6133; 10 Civ. 6298; 10 Civ. 6619; 10 Civ. 7711; 10 Civ. 7798; 11 Civ. 4330; 12 Civ. 964.

subjecting him to restricted status and punitive segregation; and forcing him to wear prison attire and restraints in court. (Complaint ("Compl.") at 3, 5-6). Mr. Toliver includes with his Complaint documentation regarding four infractions at Rikers Island facilities. He alleges that he wrote a letter to the Warden of GRVC and Deputy Warden Perez complaining about retaliation but received no response. (Compl. at 4).

### 1. 036-10 Infraction

Mr. Toliver was accused of three infractions arising from a dispute with a correction officer about his mattress while at the North Infirmary Command ("NIC"). (Hearing Report and Notice of Infraction, Infraction # 036-10 (the "036-10 Report"), attached to Complaint at 18-19). On January 28, 2010, Captain Caputo, the adjudication captain, dismissed the charges as unsubstantiated based on a logbook entry by Captain Roberts noting that no incident took place at the time of the alleged infraction. (036-10 Report).

### 2. 037-10 Infraction

On January 24, 2010, Mr. Toliver was accused of disorderly conduct and threatening Officer Bond in another dispute regarding his mattress at NIC. (Report and Notice of Infraction and Hearing Report and Notice of Disciplinary Disposition, Infraction # 037-10 (collectively, the "037-10 Report"), attached to Complaint at 15-17). On January 28, 2010, Captain Caputo found Mr. Toliver guilty

3

of both infractions based on Captain Roberts' investigation, prisoner witness testimony, and the plaintiff's admission that he refused Officer Bond's order. (037-10 Report). Captain Caputo sentenced Mr. Toliver to 40 days of punitive segregation. (037-10 Report).

3. <u>348-10 Infraction</u>

On March 18, 2010, while at the George Motchan Detention Center ("GMDC"), Mr. Toliver was charged with interfering with a security inspection of his belongings conducted by Officers Walker and Fraser by flinging his arms and threatening to "take their jobs." (Report and Notice of Infraction and Hearing Report and Notice of Infraction, Infraction # 348-10 (collectively, the "348-10 Report"), attached to Complaint at 12-14). On March 24, 2010, the adjudication captain, who was not Captain Caputo, dismissed disorderly conduct and threat charges against Mr. Toliver but found him guilty of disrespect to staff and refusal to obey a direct order. (348-10 Report). The 348-10 Report indicates that it was served by Captain Sishk[3] on Mr. Toliver on March 20, 2010 and apparently signed by Mr. Toliver. (348-10 Report).

---

[3] The signature on the infraction notice is not entirely clear, though Mr. Toliver spells the captain's name "Sishk" in his proposed Amended Complaint in this action.

### 4. <u>625-10 Infraction</u>

On May 20, 2010, Mr. Toliver was accused of physically resisting staff and attempting to swing his cane at Officer Stultz while at GRVC. (Report and Notice of Infraction, Infraction # 625-10 and Hearing Report and Notice of Disciplinary Disposition (collectively, the "625-10 Report"), attached to Complaint at 10-12). Captain Merced used pepper spray on Mr. Toliver's face and Officer Stultz forced him to the floor before Officer Smith applied leg irons. (625-10 Report). The 625-10 Report indicates that Captain Gates served a copy of the report on Mr. Toliver on May 25, 2010, but he refused to sign for it. (625-10 Report). On May 28, 2010, Captain Caputo found Mr. Toliver guilty of physically resisting staff, refusing to obey a direct order, and attempted assault on staff with a weapon. (625-10 Report). Captain Caputo sentenced Mr. Toliver to 120 days of punitive segregation. (625-10 Report).

The 625-10 infraction was allegedly dismissed pursuant to a stipulation between Mr. Toliver and the DOC after he filed an action under New York Civil Practice Law and Rules Article 78 in state court. (Plaintiff's Memorandum in Opposition to Motion to Dismiss ("Pl. Memo.") at 9-10, 33; Letter from Barbara P. Hamilton to Mr. Toliver dated October 29, 2010, attached to Pl. Memo. at 52).

Mr. Toliver alleges that he was placed in Red I.D., I.C.R., and Enhanced Restraints status[4] without a hearing. (Compl. at 3). As a result of the Enhanced Restraints status, Mr. Toliver wore black enclosed mitts and was shackled at the legs and waist. (Compl. at 6). Mr. Toliver also alleges that his personal property was stolen and the defendants forced him to wear prison attire and restraints while in court and during trial. (Compl. at 2, 5-6).

B. Relief Sought

The plaintiff seeks punitive and monetary damages for each day spent in punitive segregation, each day he was in a prison uniform and under enhanced restraints in court, and the removal of his restricted status. (Compl. at 5-6).

C. Procedural History

The Complaint, filed in forma pauperis, was received by the Court on November 8, 2010, and the defendants answered on January 25, 2011. The defendants then moved to dismiss, and as part of his opposition, Mr. Toliver seeks the Court's permission to submit an Amended Complaint. (Pl. Memo. at 7).

---

[4] The defendants state that under Red I.D. status, the DOC gives prisoners a red identification card so that they may be identified as posing a greater risk to other prisoners and correctional staff. (Memorandum of Law in Support of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(c) ("Def. Memo.") at 15 n.5). Neither party describes the effect of I.C.R. status.

<u>Discussion</u>

The defendants have moved to dismiss the Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the grounds that: (1) the plaintiff's claims are frivolous and duplicative of previously-filed actions currently pending in this district; (2) the defendants were not personally involved in any constitutional violation; (3) the defendants are entitled to qualified immunity; (4) DOC is a non-suable entity; (5) the plaintiff fails to state a claim for municipal liability; and (6) he fails to state a claim for causes of action sounding in state law.  (Def. Memo. at 2).

A. <u>Legal Standard</u>

The standard for addressing a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is the same as that used in evaluating a motion to dismiss under 12(b)(6). <u>L-1 Designs, Inc. V. Old Navy, LLC</u>, 647 F.3d 419, 429 (2d Cir. 2011).  The court therefore must accept the factual allegations in the Complaint as true and draw all reasonable inferences in the plaintiff's favor.  <u>Id.</u>  A complaint need not contain detailed factual allegations, but it must contain more than mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949-50 (2009) (quoting <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555 (2007)).  Where the

complaint's factual allegations permit the court to infer only that it is possible, but not plausible, that misconduct occurred, the complaint fails to meet the requirements of Rule 8. <u>Id.</u> at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

<u>Pro se</u> complaints are held to less stringent standards than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>Boykin v. KeyCorp</u>, 521 F.3d 202, 213-14 (2d Cir. 2008) (citing <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)).   In fact, pleadings of a <u>pro se</u> party should be read "'to raise the strongest arguments that they suggest.'" <u>Green v. United States</u>, 260 F.3d 78, 83 (2d Cir. 2001) (quoting <u>Graham v. Henderson</u>, 89 F.3d 75, 79 (2d Cir. 1996)).   Even after <u>Iqbal</u>, which imposed heightened pleading standards for all complaints, <u>pro se</u> complaints are to be liberally construed.  <u>See Harris v. Mills</u>, 572 F.3d 66, 71-72 (2d Cir. 2009).   Dismissal of a <u>pro se</u> complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements.  <u>See Rodriquez v. Weprin</u>, 116 F.3d 62, 65 (2d Cir. 1997); <u>accord Honig v. Bloomberg</u>, No. 08 Civ. 541, 2008 WL 8181103, at *4 (S.D.N.Y. Dec. 8, 2008), <u>aff'd</u>, 334 Fed. Appx. 452 (2d Cir. 2009).

On a motion to dismiss, the court is generally limited to reviewing the allegations in the complaint and documents attached to it or incorporated by reference.  <u>See Chambers v. Time Warner</u>,

8

Inc., 282 F.3d 147, 152-53 (2d Cir. 2002).   The court may also consider documents necessarily relied upon by the plaintiff in drafting the complaint.   Id. at 153-54.

    B.   Improper Parties

The plaintiff's claims against the DOC and the DOC Legal Division must be dismissed because agencies of the City of New York are not suable entities.   N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."); Nnebe v. Daus, 644 F.3d 147, 158 n.6 (2d Cir. 2011) ("It is well settled in this Court that, as a general matter, agencies of New York City are not suable entities in § 1983 actions");  see Paige v. City of New York Correction Dept., 798 F. Supp. 2d 508, 510 (S.D.N.Y. 2011) (holding DOC not an entity subject to suit).   Accordingly, the claims against DOC and the DOC Legal Division should be dismissed.

Even if Mr. Toliver's claims against these defendants were construed as claims against the City of New York, they should be dismissed.   A Section 1983 plaintiff may bring a claim against a municipality if he alleges an officially adopted policy or custom that caused him injury and a direct causal connection between that policy or custom and the violation of his federally protected

9

rights.   See Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 403-04 (1997);   Monell v. New York City Department of Social Services, 436 U.S. 658, 694 (1978).   In his opposition to the motion, Mr. Toliver cites to case law discussing liability but fails to provide any facts.   Accordingly, to the extent that Mr. Toliver's allegations can be construed as claims against the City of New York, they should be dismissed.

     C.   Personal Involvement

"'It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"   Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)).   Thus, "proof of linkage in the prison chain of command is insufficient" to establish a supervisor's liability for the actions of his subordinates. Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003) (internal quotation marks and citation omitted).   Rather, supervisory liability under Section 1983 may be found only where:

> (1) the defendant participated directly in the alleged
> constitutional violation, (2) the defendant, after being
> informed of the violation through a report or appeal,
> failed to remedy the wrong, (3) the defendant created a
> policy or custom under which unconstitutional practices
> occurred, or allowed the continuance of such a policy or
> custom, (4) the defendant was grossly negligent in
> supervising subordinates who committed the wrongful acts,
> or (5) the defendant exhibited deliberate indifference to

the rights of inmates by failing to act on information
indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

The defendants allege that Mr. Toliver's claims against the
defendants should be dismissed because "[t]here is no evidence in
the record indicating the defendants intentionally acted or failed
to act in a fashion that directly resulted in any injury that may
form the basis of a constitutional claim." (Def. Memo. at 13).

1. Commissioner of DOC, Chief of the Department,
   Warden of GRVC, and Deputy Warden Perez

The Complaint fails to allege that the Commissioner of DOC and
Chief of the Department were personally involved in the issuance of
the retaliatory infractions or punishment.   Indeed, Mr. Toliver
fails to name the DOC Commissioner or the Chief of Department
anywhere in the Complaint besides in the caption and his listing of
Defendants.

The plaintiff's allegations against the Warden of GRVC and
Deputy Warden Perez also fail to sufficiently allege personal
involvement.   Mr. Toliver alleges that he wrote a letter to the
Warden of GRVC and Deputy Warden Perez regarding the retaliation
but that he received no response.   (Compl. at 4).   A supervisory
official's failure to respond to a letter, without more, is
insufficient to allege the official's personal involvement.   See

Platt v. Incorporated Village of Southampton, 391 Fed. Appx. 62, 65
(2d Cir. 2010) ("We cannot say [ ] that an allegation that a
supervisory official ignored a letter protesting past
unconstitutional conduct is, without more, sufficient to state a
claim that the official was 'personally involved' in the
unconstitutional conduct"); Atkins v. County of Orange, 251 F.
Supp. 2d 1225, 1233 (S.D.N.Y. 2003) (finding that allegations that
an official ignored a prisoner's letter is insufficient to
establish personal involvement); Johnson v. Wright, 234 F. Supp.
2d 352, 363 (S.D.N.Y. 2002)(same); Tavares v. City of New York, No.
09 Civ. 3499, 2010 WL 3036558, at *5 (S.D.N.Y. March 12,
2010)(same).

Mr. Toliver apparently alleges that the Commissioner of DOC,
Chief of Department, Warden of GRVC and Deputy Warden Perez are
subject to supervisory liability based on each of the categories
described in Colon. (Pl. Memo. at 21-25). Mr. Toliver, however,
has failed to allege facts sufficient to survive dismissal.
Accordingly, his claims against these defendants should be
dismissed.

### 2.   Captain Caputo

The Complaint does not make any specific allegations against
Captain Caputo, but he is listed as the adjudication captain for
three of the infractions identified by the plaintiff. In his

opposition to the motion to dismiss, Mr. Toliver alleges that his due process rights were violated by Captain Caputo at each of the three infraction hearings that he presided over. (Pl. Memo. at 26). The defendants allege a lack of personal involvement by Captain Caputo because he did not issue the infractions. (Def. Memo. at 14). Captain Caputo, however, is alleged to have adjudicated liability and determined the punishment for three of the infractions cited by Mr. Toliver, which is sufficient to constitute personal involvement regarding those hearings. See Johnson v. Coombe, 156 F. Supp. 2d 273, 278 (S.D.N.Y. 2001) (hearing officer is personally involved in due process claim involving hearing before that officer). Mr. Toliver, however, does not sufficiently allege Captain Caputo's personal involvement in connection with the 348-10 infraction or the theft of his personal property that led to his court appearances in prison attire and enhanced restraints. Those claims against Captain Caputo should therefore be dismissed for failure to allege personal involvement.

     D. Due Process

To establish a procedural due process claim under Section 1983, a plaintiff must allege that (1) he possessed a life, liberty or property interest and (2) the defendants deprived him of that interest without providing constitutionally adequate process.

13

Ortiz v. McBride, 380 F.3d 649, 654 (2d Cir. 2004) (citation omitted); see Nnebe, 644 F.3d at 158.   Prisoners faced with disciplinary charges that could result in significant, atypical hardship are entitled to some procedural safeguards, including: (1) advance written notice of the disciplinary charges; (2) a reasonable opportunity to call witnesses and present evidence at hearing; (3) a fair and impartial hearing officer; (4) a written statement of disposition, including findings of fact and the reasons for the disciplinary action; and (5) support by some evidence of any conviction.   Hernandez v. Selsky, 572 F. Supp. 2d 446, 450 (S.D.N.Y. 2008)(citing Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974)).

Mr. Toliver has not alleged any facts about Captain Caputo involving the 036-10 or 037-10 infractions that would constitute a due process violation.   Indeed, Captain Caputo dismissed the charges in the 036-10 infraction based on the evidence.   Mr. Toliver has thus failed to allege plausibly a due process violation against Captain Caputo regarding those infractions.

Mr. Toliver also fails to allege facts sufficient to state a due process claim in connection with the 10-625 infraction.   To the extent that he alleges that Captain Caputo was not an impartial decision maker because he was also the adjudication captain for the

036-10 and 037-10 infractions, such a claim, by itself, fails to state a due process violation.  See Panell v. McBride, 306 F.3d 499, 502 (7th Cir. 2002); Black v. Selsky, 15 F. Supp. 2d 311, 317 (W.D.N.Y. 1998) (hearing officer was not biased based on his previous rulings against the plaintiff on another unrelated charge).  In his opposition papers, Mr. Toliver alleges that the "absolute proof" of a due process violation regarding his 10-625 infraction is his successful Article 78 proceeding that challenged Captain Caputo's violation of his rights at the hearing.  (Pl. Memo. at 9, 26-27).  A successful Article 78 claim involving procedural safeguards in disciplinary hearings, however, does not necessarily provide a viable due process claim under Section 1983. Bogle v. Murphy, No. 98-CV-6473, 2003 WL 22384792, at *4 (citing Dawes v. Leonardo, 885 F.Supp. 375, 77-78 (N.D.N.Y. 1995)).  I am unable to discern what due process claims were asserted in the Article 78 proceeding or how they might be applicable to this action against Captain Caputo.  Mr. Toliver's conclusory statement that he won the Article 78 proceeding is therefore insufficient to state a due process claim against Captain Caputo.

The only specific due process violation that the plaintiff asserts in his Complaint is that he was placed in Red I.D., I.C.R., and Enhanced Restraint status without a hearing.  (Compl. at 3).

Mr. Toliver further states in his opposition to the motion that he did not receive notice about his placement in restricted status or a medical examination to clear him for enhanced restraints. (Pl. Memo. at 32-34). While the Complaint and Opposition are unclear as to whether Captain Caputo was personally involved in Mr. Toliver's placement in restricted status, the defendants have alleged that the hearing for Infraction 10-625 was also held to determine whether to continue his Red I.D. status and enhanced restraints, and that Mr. Toliver acknowledged that fact at the hearing. (Def. Memo. at 16). Mr. Toliver further states in his proposed Amended Complaint that Captain Caputo placed him in special restraint status without a hearing. (Proposed Am. Compl. at 19). This claim, however, is duplicative of Mr. Toliver's claim filed in Case No. 10 Civ. 822, in which the plaintiff alleges that he was subjected to Red I.D., I.C.R., and Enhanced Restraint status without a hearing or notice and names Captain Caputo as a defendant. (Case No. 10 Civ. 822 Am. Compl. at 22). The claim, therefore, should be dismissed without prejudice to being adjudicated in Case No. 10 Civ. 822. See Curtis v. Citibank, N.A., 226 F.3d 133, 138-39 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit. . . .

[P]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." (citing <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800, 817 (1976))).

E. <u>Amended Complaint</u>

While the Court would normally allow a <u>pro</u> <u>se</u> plaintiff to amend his complaint under Rule 15(a) of the Federal Rules of Civil Procedure, such leave may be denied if the Court determines that such an amendment would be futile.  <u>See</u> <u>Johnson v. University of Rochester Medical Center</u>, 642 F.3d 121, 124-25 (2d Cir. 2011); <u>Bozeman v. Rochester Telephone Corp.</u>, 205 F.3d 1321, 1321 (2d Cir. 2000).  Because Mr. Toliver's claims in his proposed Amended Complaint are duplicative of his other actions before this Court, leave to amend based on the proposed Amended Complaint should be denied.

In his proposed Amended Complaint, Mr. Toliver names the same individual defendants as in his original complaint plus the City of New York, the wardens of NIC and GMDC, and correction officers involved with his infractions.  Mr. Toliver's retaliation and due process claims based on each of the infractions are already the subjects of other actions he has previously filed in this court and are more appropriately adjudicated in those actions.

17

### 1. <u>036-10 and 037-10 Infractions</u>

Mr. Toliver alleges retaliation and due process claims against Captain Caputo, Officer Bond, Captain Roberts, and the Warden of NIC in the proposed Amended Complaint regarding the 036-10 and 037-10 infractions. (Proposed Am. Compl. at 32-35). Mr. Toliver has filed a previous complaint alleging retaliation and due process violations against the same defendants involving the 036-10 and 037-10 infractions in this court. <u>See</u> <u>Toliver v. New York City Department of Correction</u>, No. 10 Civ. 5804 (S.D.N.Y. filed Aug. 2, 2010) ("Case No. 10 Civ. 5804"). In Case No. 10 Civ. 5804, Mr. Toliver named the DOC, Commissioner of DOC, Chief of the Department, Warden of NIC, Officer Bond, and a captain later identified as Captain Roberts as defendants. As with the proposed Amended Complaint, Mr. Toliver alleges in Case No. 10 Civ. 5804 that Officer Bond issued two infractions against him on January 24, 2010 in retaliation to his prior complaints against Captain Cavelli and that he did not receive due process. (Proposed Am. Compl. at 32-33; Case No. 10 Civ. 5804 Complaint at 8-11). Therefore, Mr. Toliver's proposed claims in this action involving the 036-10 and 037-10 infractions are duplicative and should be dismissed without prejudice to their being adjudicated in Case No. 10 Civ. 5804.

2. <u>348-10 Infraction</u>

Mr. Toliver alleges assault, retaliation and due process claims against Officer Walker, Captain Sishk and the Warden of GMDC in the proposed Amended Complaint involving the 348-10 infraction. (Proposed Am. Compl. at 2, 16-17; 348-10 Report)  Mr. Toliver has filed a previous action alleging that Officer Walker, Officer Fraser and other officers assaulted him and issued the 348-10 infraction against him in retaliation for his filing Case No. 10 Civ 822.  <u>See</u> <u>Toliver v. New York City Department of Correction</u>, No. 10 Civ. 5805 (S.D.N.Y. filed Aug. 2, 2010) ("Case No. 10 Civ. 5805").  In Case No. 10 Civ. 5805, the plaintiff alleged that the DOC generated the infraction "to cover up thier [sic] wrong doing and criminal activity[.]" (Case No. 10 Civ. 5805 Amended Complaint at 5).  The Honorable Denise Cote, U.S.D.J. dismissed the plaintiff's complaint in that case with prejudice on November 3, 2011 for failure to prosecute.  Mr. Toliver has appealed that decision.

"Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." <u>St. Pierre v. Dyer</u>, 208 F.3d 394, 399 (2d Cir. 2000) (internal punctuation omitted).  The filing of a notice

19

of appeal in a prior case does not preclude the court from dismissing duplicative claims filed in this action.  <u>See</u> <u>Manbeck v.</u> <u>Micka</u>, 640 F. Supp. 2d 351, 363 (S.D.N.Y. 2009).  To prove that a claim is precluded under this doctrine, "a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action."  <u>Monahan v. New</u> <u>York City Department of Corrections</u>, 214 F.3d 275, 285 (2d Cir. 2000) (citation omitted).  Whether a claim that was not raised in the previous action could have been raised "depends in part on whether the same transaction or connected series of transactions is at issue, and whether the same evidence is needed to support both claims."  <u>Interoceanica Corp. v. Sound Pilots, Inc.</u>, 107 F.3d 86, 90 (2d Cir. 1997) (citation and internal punctuation marks omitted).

The plaintiff's claims involving the 348-10 infraction are barred by res judicata.  A dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure operates as an adjudication on the merits.  Fed. R. Civ. P. 41(b). Except for Captain Sishk, each of the defendants named in the proposed Amended Complaint who are involved in the 348-10

infraction – the City of New York, Commissioner of DOC, Chief of the Department, Warden of GMDC, Officer Walker – was also named in Case No. 10 Civ. 5805.  Captain Sishk is named in the proposed Amended Complaint for signing his name on the infraction notice "showing that due process was done when it was not I was never served." (Proposed Am. Compl. at 33).  Mr. Toliver is thus trying to raise due process claims against Captain Sishk based on the same infraction in which he alleges due process violations in Case No. 10 Civ. 5805, and he could have sued Captain Sishk in that case. Mr. Toliver's claims involving the 348-10 infraction are thus barred by res judicata and should be dismissed without prejudice to his pending appeal of the order of dismissal in Case No. 10 Civ. 5805.  See Central Hudson Gas & Electric Corp. v. Empresa Naviera Santa S.A., 56 F.3d 359, 367-68 (2d Cir. 1995). ("[T]he principle of privity bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion").

### 3. 625-10 Infraction

Mr. Toliver names Officer Stultz, Captain Gates, Captain Merced, and Captain John/Jane Doe #545 in the proposed Amended Complaint based on retaliation and due process claims involving

infraction 625-10.  (Proposed Am. Compl. at 31-32).  The proposed Amended Complaint alleges that Captain Caputo placed him in Red I.D., I.C.R., and Enhanced Restraints status without a hearing. (Proposed Am. Compl. at 19).  As noted above, the plaintiff has named Captain Caputo as a defendant regarding his claims of being subjected to restricted status without a hearing in Case No. 10 Civ. 822.  Mr. Toliver has also named Officer Stultz, Captain Gates, Captain Merced, and Captain John/Jane Doe #545 as defendants in Case No. 10 Civ. 822, alleging retaliation and due process violations involving the 625-10 infraction.  Therefore, Mr. Toliver's proposed claims in this action are duplicative and should be dismissed without prejudice to being adjudicated in Case No. 10 Civ. 822.[5]

Conclusion

For the reasons set forth above, I recommend that the defendants' motion to dismiss be granted.  Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of

---

[5] The defendants allege that Mr. Toliver's claims involving the 10-625 infraction should be dismissed as duplicative to his case in Toliver v. P.H.S. Corp. and Mental Health, No. 10 Civ. 5355 (PAE)(JCF)("Case No. 10 Civ. 5355").  While Mr. Toliver alleges in Case No. 10 Civ. 5355 that DOC staff lost his personal property and that officers assaulted him on May 20, 2010, he does not make any due process allegations.  To the extent that the plaintiff wishes to pursue his destruction of property claims, they are duplicative of and therefore more appropriately adjudicated in Case No. 10 Civ. 5355.

Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Richard J. Sullivan, Room 640 and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          April 3, 2012

Copies mailed this date:

Michel Toliver
10-A-4565
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York   12589

Joseph A. Marutollo, Esq.
Assistant Corporation Counsel
100 Church Street
New York, New York   10007

Ronald Zapata, Pro Se Office

23