```
┌─────────────────────────────┐
│ USDS SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____        │
│ DATE FILED: 9|12|2012       │
└─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHEL TOLIVER,

              Plaintiff,

    -v-

DEPARTMENT OF CORRECTIONS (NYC),
*et al.*,

              Defendants.

No. 10 Civ. 6666 (RJS) (JCF)
ORDER ADOPTING REPORT
AND RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

Plaintiff Michel Toliver, incarcerated and proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against the New York City Department of Corrections ("DOC"), the DOC Legal Division, the DOC Commissioner, the Chief of the DOC, the Warden and Deputy Warden of the George R. Vierno Center ("GRVC"), and Corrections Captain Caputo, asserting that corrections officers violated his constitutional due process rights by retaliating against him for filing a separate lawsuit alleging various violations of his constitutional rights by prison officials and staff. Before the Court is the Report and Recommendation (the "Report") of the Honorable James C. Francis, Magistrate Judge, recommending that this action be dismissed and that Plaintiff's request to file an amended complaint be denied. For the reasons that follow, the Court adopts the Report in its entirety and dismisses this case.

I. BACKGROUND

On February 3, 2010, Plaintiff filed an action entitled *Michel Toliver v. New York City Department of Corrections*, No. 10 Civ. 822 (RJS) (JCF) (the "822 Action"), alleging that he was physically assaulted during his incarceration at Riker's Island in New York. Approximately

seven months later, Plaintiff filed the instant action alleging that in retaliation for his filing the 822 Action, corrections officers filed false infractions against him, placed him in restricted status and imposed punitive segregation without justification, took his personal property, including clothes intended to be worn for court, and forced him to appear in court in restraints.

On October 15, 2011, Defendants filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). By Order dated November 29, 2011, the Court referred this action to Judge Francis for a Report and Recommendation, and on April 3, 2012, Judge Francis issued the Report, in which he recommended that the Complaint be dismissed. Judge Francis concluded that Plaintiff's claims against the DOC and the DOC Legal Division must be dismissed because they are not suable entities. He further concluded that even if Plaintiff's claims could be construed as claims against the City of New York, they should still be dismissed because Plaintiff has alleged neither an officially adopted policy or custom that caused him injury nor a causal connection between the policy or custom and the violation of his rights. In addition, Judge Francis recommended that Plaintiff's claims against the DOC Commissioner, DOC Chief, GRVC Warden, and GRVC Deputy Warden be dismissed because Plaintiff did not allege their personal involvement in the alleged violations of his rights. Similarly, Judge Francis recommended dismissal of claims against Captain Caputo relating to the alleged theft of Plaintiff's personal property and to Infraction 348-10, in which Plaintiff was found guilty of showing disrespect towards prison staff and of disobeying a direct order, because Plaintiff failed to allege Captain Caputo's personal involvement. As to the remaining claims, Judge Francis recommended dismissal because Plaintiff failed to allege facts sufficient to state a due process claim and because Plaintiff's claim relating to his restricted status is duplicative of a claim being litigated in the 822 Action. Finally, Judge Francis recommended that Plaintiff's request to

2

amend the complaint be denied because all of his proposed new claims are duplicative of claims being litigated in numerous other actions that Plaintiff has brought.[1]

Plaintiff objects to the Report primarily on the grounds that he submitted sufficient facts to support the liability of each individual Defendant. However, Plaintiff's 32-page Objection largely recounts the alleged assaults and other mistreatment forming the basis of several of his other lawsuits, rather than focusing on particular errors that Plaintiff believes Judge Francis made in reviewing the particular due process claims at issue in *this* case.

## II. LEGAL STANDARD

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a magistrate's report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). To the extent that a party makes specific objections to a magistrate's findings, the court must undertake a de novo review of the plaintiff's objections. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

Pro se filings are read liberally and interpreted "to raise the strongest arguments that they suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks omitted); however, where objections are "conclusory or general," or where the plaintiff "simply reiterates his original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan*,

---

[1] Including the instant case, Plaintiff has filed at least 17 actions in this Court since 2010. Those actions appear at docket numbers: 10 Civ. 822; 10 Civ. 3165; 10 Civ. 5354; 10 Civ. 5355; 10 Civ. 5803; 10 Civ. 5804; 10 Civ. 5805; 10 Civ. 5806; 10 Civ. 5807; 10 Civ. 6133; 10 Civ. 6298; 10 Civ. 6619; 10 Civ. 7711; 10 Civ. 7798; 11 Civ. 4330; 12 Civ. 964.

216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Barratt v. Joie*, No. 96 Civ. 0324 (LTS) (THK), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted)); *accord Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at * 1 (S.D.N.Y. May 23, 2008).

### III. DISCUSSION

#### A.    Claims Against the DOC and DOC Legal Division

Judge Francis recommended that the claims against the DOC and the DOC Legal Division be dismissed because they are not suable entities. Plaintiff has raised no objection to this finding, and the Court concurs with Judge Francis's analysis.

The Court also agrees with Judge Francis's recommendation to dismiss the claims even if they are construed as claims against the City of New York, which unlike the DOC and DOC Legal Division is a suable entity. *See* N.Y. City Charter ch. 17, § 396. A municipality like New York City may be liable under § 1983 if the alleged constitutional violation is the result of the municipal government's policy or custom. *See Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). For a plaintiff's allegations of municipal liability to survive a motion to dismiss, "[t]he custom and policy must be described with factual specificity, rather than bare and conclusory statements." *Perez v. Metro. Transp. Auth.*, No. 11 Civ. 8655 (RWS), 2012 WL 1943943, at *4 (S.D.N.Y. May 29, 2012). A plaintiff must establish more than *respondeat superior*; instead, he must ultimately demonstrate that "through its deliberate conduct, the municipality was the 'moving force' behind the alleged injury." *Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008) (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)).

Judge Francis concluded that Plaintiff failed to provide any facts on which to hold New York liable under § 1983, and the Court agrees. Plaintiff's only specific allegation of a policy or

custom is that GRVC inmates do not receive an itemized list of their property. (Obj. 26.) Such a policy, however, has virtually no connection to Plaintiff's allegation that he was deprived of personal property in retaliation for filing the 822 Action, and it has no connection whatsoever to his allegation that he was subject to false misbehavior reports and unjustified punishment. As such, the alleged policy hardly qualifies as the "'moving force' behind the alleged injury." *Roe*, 542 F.3d at 37.[2]

Accordingly, the Court adopts the portion of the Report recommending dismissal of the claims against the DOC and the DOC Legal Division.

B.    Claims Against the DOC Commissioner and Chief, and the GRVC Warden and Deputy Warden

Plaintiff seeks to hold the DOC Commissioner, DOC Chief, GRVC Warden, and GRVC Deputy Warden liable for the alleged abuses committed by their subordinates. As Judge Francis noted, it is well settled in the Second Circuit that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983," (Report at 10 (quoting *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010)). Thus, mere "proof of linkage in the prison chain of command is insufficient" to establish a supervisor's liability. *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). Plaintiff argues that he established the personal involvement of both the Commissioner and Chief because the Commissioner directed Plaintiff to file a grievance when he alleged he was assaulted, and the "Chief was notified" by several people—though of what, Plaintiff fails to say. (Obj. 22-23, 32.) Once again, this alleged involvement in no way connects these Defendants with the infractions and other alleged due process violations that form the basis of *this* lawsuit, which is premised on Defendants' alleged

---

[2] In any event, Judge Francis recommended that Plaintiff's claim relating to the destruction of his property be dismissed as duplicative of his claim in No. 10 Civ. 5355. (Report at 22 n.5.) The Court also agrees with that finding.

retaliation in the form of baseless disciplinary proceedings and destruction of Plaintiff's property.

Similarly, Plaintiff's allegations that "Warden Mulvey was personally there" and "exhibited deliberate indifference . . . to [the] violation of [Plaintiff's] constitutional rights," (Obj. 33), are woefully vague and clearly insufficient to establish personal involvement on the part of the Warden and Deputy Warden.  Accordingly, the Court adopts Judge Francis's recommendation and dismisses Plaintiff's claims against these four Defendants.

C.   Claims against Captain Caputo

Plaintiff accuses Captain Caputo of violating his due process rights at each of the three infraction hearings over which Captain Caputo presided.  On this basis, Judge Francis recommended dismissal of the claims against Captain Caputo relating to Infraction 348-10, which Captain Caputo did not adjudicate, and to the alleged theft of Plaintiff's personal property, in which Captain Caputo had no alleged involvement.  Plaintiff purports to object this recommendation by describing what Captain Caputo knew about Plaintiff's alleged mistreatment.  Plaintiff, however, does not actually contend that Captain Caputo was involved in either incident.  (Obj. 24-26.)  Accordingly, the Court adopts Judge Francis's recommendation that those claims be dismissed with respect to Captain Caputo.

For the reasons set forth below, the Court also adopts Judge Francis's recommendation that Plaintiff's remaining due process claims be dismissed.

1.  Infraction 036-10

Infraction 036-10 accused Plaintiff of three infractions arising from a dispute with a corrections officer over Plaintiff's mattress. Judge Francis found that Plaintiff failed to plausibly allege a due process violation in connection with Infraction 036-10 because Captain Caputo

dismissed the infraction based on the evidence. (Report 14.)  Plaintiff objects that this dismissal "was not a favor" and that Captain Caputo "allowed the retaliation to continue" by permitting the infraction to go forward even though the complaining officer lied. (Obj. 29-31.)  This objection sheds no new light on how Captain Caputo's conduct with respect to Infraction 036-10 constituted a violation of Plaintiff's due process rights.  Accordingly, the Court adopts Judge Francis's recommendation and dismisses Plaintiff's claims relating to Infraction 036-10.

### 2.  Infraction 037-10

Infraction 037-10 accused Plaintiff of disorderly conduct and threatening a corrections officer during another dispute regarding Plaintiff's mattress.  Captain Caputo found Plaintiff guilty of both allegations and sentenced him to 40 days of punitive segregation.  Plaintiff objects that he was not given notice of Infraction 037-10.  (Obj. 10.)  That objection, however, is barred by Captain Caputo's determination during the hearing on Infraction 037-10 that Plaintiff did indeed receive service of the infraction but refused to sign.  Credibility findings in prison disciplinary proceedings are left to the officers who administer those proceedings and are not independently reviewed by courts.  *See Livingston v. Kelly*, 423 F. App'x 37, 40 (2d Cir. 2011) ("The credibility of these witnesses was properly resolved by the hearing officer and is not a subject for independent review by this court.  Nor can [the plaintiff] secure such review by recasting . . . a matter for credibility consideration[] as a due process violation.").  Plaintiff cannot now re-litigate this issue by challenging Captain Caputo's credibility determination in the guise of a due process claim.  Because Plaintiff has provided no other basis for a due process claim against Captain Caputo in connection with Infraction 037-10, the Court adopts Judge Francis's recommendation and dismisses Plaintiff's claim relating to that infraction.

7

### 3.  Infraction 625-10 and Imposition of Restricted Status

Infraction 625-10 accused Plaintiff of physically resisting prison staff, refusing to obey a direct order, and attempting to assault prison staff with a weapon.  At the infraction hearing, Captain Caputo found Plaintiff guilty of these allegations and sentenced him to 120 days of punitive segregation.  Infraction 625-10 was later dismissed pursuant to a stipulation between Plaintiff and the DOC after Plaintiff filed a state court action under New York Civil Practice Law and Rules Article 78.  Although Plaintiff contends that he prevailed in the Article 78 proceeding regarding the alleged denial of due process in the hearing for Infraction 625-10, Judge Francis noted that Plaintiff provided no detail about the Article 78 proceeding, and, in any event, a successful Article 78 proceeding does not necessarily establish a due process claim.  (Report at 15.)  In his Objection, Plaintiff clarifies that the Article 78 proceeding related to the imposition of rear cuffs, leg shackles, hand mittens, Red I.D. Status, and I.C.R. Status without a proper hearing in which he was permitted to call witnesses.  (Objection 14-15, 19-20.)  As Judge Francis noted, this claim is already being adjudicated in the 822 Action.  (*See* No. 10 Civ. 822 (RJS) (JCF), Doc. No. 19-1, at 4-5.)  Accordingly, Plaintiff's claims relating to Infraction 625-10 and the imposition of enhanced restraints and restricted status are dismissed as duplicative.

### D.      Motion to Amend

Judge Francis recommended that Plaintiff be denied leave to amend his Complaint regarding each of the four infractions Defendants allegedly fabricated to retaliate against him. Plaintiff objected only to Judge Francis's recommendation regarding Infraction 348-10; he offered no specific objections to the recommendation regarding the remaining three infractions. Because the Court finds that Judge Francis's report was not clearly erroneous, it denies Plaintiff's request to amend with regard to those three infractions.

8

Judge Francis recommended denying Plaintiff leave to amend his claims regarding Infraction 348-10 because those claims are barred by res judicata, having been dismissed with prejudice for failure to prosecute in Case No. 10 Civ. 5805 (DLC). Plaintiff objects that the claims he seeks to raise in this case specifically indicate both due process and retaliation relating to the 348-10 Infraction, whereas only "the physical injury has been litigated in 10 Civ. 5805." (Obj. 32.) In fact, however, Plaintiff's amended complaint in No. 10 Civ. 5805 sought redress not only for the physical injury caused by his alleged assault, but also for the "infraction that D.O.C. generated out of trying to cover up [their] wrongdoing and criminal activity." (No. 10 Civ. 5805, Doc. No. 54, at 5.) Accordingly, the Court finds that Plaintiff's retaliation and due process claims relating to the 348-10 Infraction are barred by res judicata because they have already been litigated in No. 10 Civ. 5805 (DLC), and denies Plaintiff's request to amend.

IV. CONCLUSION

For the foregoing reasons, the Court adopts the Report in its entirety and grants Defendants' motion to dismiss and denies Plaintiff's request to amend. The Clerk of the Court is respectfully directed to terminate the motion located at Doc. No. 45 and close this case.

SO ORDERED.

Dated:    September 11, 2012
          New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

9

A copy of this Order has been mailed to:

Michel Toliver
10-A-4565
Upstate Correctional Facility
PO Box 2001
Malone, NY 12953